UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| EDWARD LEWIS BROWN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-mc-00040-GZS |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION SCREENING COMPLAINT / PETITION PURSUANT TO 28 U.S.C. §§ 1915, 1915A

In this matter, Plaintiff Edward Brown ("Plaintiff"), purports to have filed a "qui tam action revenue fraud suit" against the United States Attorney, the "United States 1," and the "United States 2." (ECF No. 1.) Plaintiff is a defendant in a civil action in this Court to enforce a federal tax lien, which action is captioned *United States v. Mascoma Savings Bank*, No. 1:11-cv-00567-GZS. Plaintiff was previously a defendant in *United States v. Brown*, No. 1:09-cr-00030-GZS (D.N.H.), in which matter Plaintiff was convicted on seven separate counts, and the Court sentenced him to a 444-month sentence of imprisonment. The First Circuit upheld the conviction. No. 10-1081 (1st Cir.).

Plaintiff requested leave to proceed *in forma pauperis* (ECF No. 3), which request the Court granted. (ECF No. 14.) In accordance with the *in forma pauperis* statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). In addition, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 29 U.S.C. § 1915A(a).

Subsequent to the filing of his complaint, Plaintiff filed two motions in which he asks the Court to transfer this matter to another court. (ECF Nos. 15, 16.) Plaintiff has not cited a legitimate basis in law or fact to support the transfer of this matter to another court. Accordingly, a review by this Court of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A is appropriate.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

### PLAINTIFF'S ALLEGATIONS

In his complaint, through which Plaintiff ostensibly asserts a "qui tam action revenue fraud suit," Plaintiff purports to represent his own "sovereign" interest, as well as the interests of "the King," the "Constitution Rangers," and the "Constitution Republic." Plaintiff requests the Court provide, inter alia, "proof of claim" that the Court has jurisdiction over matters that transpire in New Hampshire, that the Court is not involved in any form of slavery, and that members of the "B.A.R." (i.e., "British Accredited Registry") are not servants of a "private foreign national government controlling cartel." (ECF No. 2, "Proof of Claim," ¶¶ 1, 2, 8, 9, 18.) Plaintiff apparently asserts this action based on the "catastrophic harm" he allegedly suffered as the result of judicial proceedings in this Court. (*Id.*, ¶ 19.) Plaintiff maintains the Court lacked jurisdiction over the prior proceedings. For example, in an unsigned affidavit, Plaintiff asserts he "can find no

written evidence that the UNITED STATES … has any jurisdiction over [Plaintiff] or over the territory in which they abide, the New Hampshire Republic." (ECF No. 2, Ex. 4 at 1.)

## DISCUSSION

"Federal courts are courts of limited jurisdiction [and] [f]ederal courts are expected to monitor their jurisdictional boundaries vigilantly …" *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 138 – 39 (1st Cir. 2004). This Court, therefore, has "a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016).

To the extent Plaintiff attempts to assert a civil claim against the United States and federal agencies or officers, Plaintiff has not asserted any facts that would support a claim within any recognized exception to sovereign immunity. The Court is thus without jurisdiction to consider the matter. *Mahon v. United States*, 742 F.3d 11, 12 (1st Cir. 2014); *see also* 28 U.S.C. §§ 1346(b), 2680(c). If Plaintiff seeks to assert a civil action based on his contention that he is unlawfully imprisoned, this Court lacks jurisdiction over such a claim unless and until Plaintiff's confinement is terminated on direct review, expunged by executive order, declared invalid by an authorized state tribunal, or called into question in a federal court's writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 – 87 (1994); *see also Edwards v. Balisok,* 529 U.S. 641, 647 – 48 (1997). The Court, therefore, lacks jurisdiction to consider Plaintiff's complaint.

Even if the Court had jurisdiction, Plaintiff has not alleged facts to support a plausible cause of action. Following *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the First Circuit has instructed:

> To evaluate the sufficiency of a complaint under Rule 8, we first must distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited). We then must determine

whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable.

*Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015) (internal quotations and citations omitted). Simply stated, Plaintiff has failed to allege any facts "to support the reasonable inference that [Defendants are] liable" to Plaintiff under any alleged theory of recovery. *Id*.

In short, Plaintiff has asserted a "sovereign citizen" and "redemptionist" theory, which is without any basis in law or fact. *See*, *e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk."); *see also Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (describing redemptionist theory).[1]

## CONCLUSION

I recommend the Court deny Plaintiff's motions to transfer (ECF Nos. 15, 16). In addition, after a review pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's Complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of October, 2016.

---

[1] In its review of Plaintiff's appeal from his criminal conviction, the First Circuit noted Plaintiff's sovereign citizen belief system. *United States v. Brown*, 669 F.3d 10, 18 & n.12 (1st Cir. 2012).